FRANCESE v. GERATY et al.

(Supreme Court, Appellate Term. May 16, 1907.)

REPLEVIN—TRIAL—INSTRUCTIONS.

Where, in an action for the return of chattels or their value, attached as the property of plaintiff's vendor, it appeared that plaintiff had purchased and paid for the chattels, and that he had taken them into his possession and filed his bill of sale in the register's office before the marshal seized them, and there was no evidence of fraudulent intent on the part of either plaintiff or his vendor, an instruction that if both the party at whose instance the property was attached and the marshal were acting in good faith, and the appearances were such as to mislead them into believing that plaintiff's vendor was still in possession and the owner of the property, then the verdict should be for defendants, and that it should only be for plaintiff where the evidence would warrant them in finding that the marshal against appearances performed an unlawful act in taking the property, was erroneous.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Pietro Francese against Frank W. Geraty and another. From a judgment for defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Hobart S. Bird, for appellant.

Jacob H. Corn, for respondent Castellano.

Philip Cohen, for respondent Geraty.

BRADY, J.　This action was brought by the plaintiff against the defendants to recover possession of a horse, wagon, and harness, claimed to be the property of the plaintiff and alleged to have been wrongfully taken from him by the defendants.　The complaint demands the usual judgment for the return of the property or its value and damages for the detention.　It appears from the evidence that for some time prior to July 23, 1906, one Luigi Giordano kept a fruit stand at 2361 Seventh avenue and used in connection with his business thereat a horse and wagon.　On the 23d day of July, 1906, the plaintiff, Pietro Francese, purchased the stock and good will of the business and the horse and wagon from Giordano, and paid him for the same $700 in cash.　No written bill of sale was executed by the vendor at the time, and the vendee went into immediate possession, but retained the services of the vendor and his wife, at first, he says, for the purpose of introducing him to his customers, and thereafter employed Giordano as an employé at regular wages.　A written bill of sale was executed and delivered by the vendor to the vendee on July 25, 1906, and filed in the register's office on July 27, 1906.　On July 28, 1906, a warrant of attachment was issued out of a Municipal Court in an action brought by the defendant Castellano against Giordano, and acting under the warrant the defendant Geraty, a city marshal, accompanied by Castellano, called at 2361 Seventh avenue aforesaid and took the horse and wagon from the possession of the plaintiff herein.　The plaintiff then brought the present action, which was tried before the court and a jury, who rendered a verdict for the defendants.

The right of the plaintiff herein to recover depends upon the ownership of the chattels in question, and the point to be determined upon this appeal is whether the learned justice below erred to the detriment of the plaintiff in his charge to the jury.　The evidence shows conclusively that the plaintiff here purchased the chattels from Giordano and paid for them in cash, and, further, that he took them into his possession and filed his bill of sale in the register's office before the marshal seized them.　There is no evidence of fraudulent intent on the part of either the vendor or the vendee, nor of knowledge by the vendee of fraudulent intent upon the part of the vendor.　Starin v. Kelly, 88 N. Y. 423.　The learned trial justice in his charge to the jury said:

"If you believe that both Castellano and the marshal were acting in good faith on the day in question, and that the appearances were such as to mislead them into believing that Giordano was still in fact in possession and the owner of the property, then your judgment should be absolutely for the defendant in both cases.　It should only be for the plaintiff where the evidence will warrant you in reaching the conclusion that the conditions were such as would warrant you in concluding that the marshal unlawfully and against the conditions and against the notice and against the appearances there performed an unlawful act in taking this property into his control."

These instructions clearly constituted error prejudicial to the plaintiff, and demand a reversal of the judgment.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.